U.S. Court of Appeals Docket No. 12-56657

U.S.D.C Case No. 2:11-cv-05522-JFW-VBK

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

## ROBERT J. DEMETRIOU,

*Plaintiff/Appellant,*

vs.

## JPMORGAN CHASE BANK, N.A., ET AL.

*Defendant/Appellee.*

_____

## ANSWERING BRIEF OF DEFENDANT-APPELLEE JPMORGAN CHASE BANK, N.A.

_____

On Appeal From Order
Of The United States District Court
For The Central District of California

The Honorable John F. Walter, Judge

_____

JOHN M. SORICH (CA Bar No. 125223)
S. CHRISTOPHER YOO (CA Bar No. 169442)
MARVIN B. ADVIENTO (CA Bar No. 240315)
ALVARADOSMITH, A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899
Attorneys for Defendant/Appellee JPMORGAN CHASE BANK, N.A.

## CORPORATE DISCLOSURE STATEMENT

## FEDERAL RULE OF APPELLATE PROCEDURE 26.1

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee JPMorgan Chase Bank, N.A., ("Appellee") provides the following Corporate Disclosure Statement:

Appellee is a wholly owned subsidiary of JPMorgan Chase & Co., which is a publicly traded corporation.  No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s stock as of August 21, 2009.

Dated:  June 13, 2013                     Respectfully submitted,
                                          ALVARADOSMITH
                                          A Professional Corporation


                          By:  /s/ S. Christopher Yoo
                               JOHN M. SORICH
                               S. CHRISTOPHER YOO
                               MARVIN B. ADVIENTO
                               Attorneys for Appellees,
                               JPMorgan Chase Bank, N.A.

3566179.1 -- AL109.2566

## <u>STATEMENT OF RELATED CASES</u>

## CIRCUIT RULE 28-2.6

In compliance with Ninth Circuit Court of Appeals Rule 28-2.6,

defendant/appellee JPMorgan Chase Bank, N.A. states it is unaware of any case

related to this appeal.

 Dated: June 13, 2013                    Respectfully submitted,


                                         ALVARADOSMITH
                                         A Professional Corporation


                             By: /s/ S. Christopher Yoo
                                         JOHN M. SORICH
                                         S. CHRISTOPHER YOO
                                         MARVIN B. ADVIENTO
                                         Attorneys for Appellees,
                                         JPMorgan Chase Bank, N.A.

3

# TABLE OF CONTENTS

I.  JURISDICTIONAL STATEMENT ............................................................1

    A.  Basis of the District Court's Jurisdiction ...........................................1

    B.  Basis of Appellate Jurisdiction...........................................................1

II.  STATEMENT OF ISSUES PRESENTED ...........................................2

III.  STATEMENT OF THE CASE ...............................................................2

IV.  STATEMENT OF FACTS .......................................................................5

    A.  Subject Loan.........................................................................................5

    B.  Procedural History................................................................................8

V.  STANDARD ON REVIEW ......................................................................8

VI.  SUMMARY OF ARGUMENT................................................................9

VII.  ARGUMENT...........................................................................................11

    A.  The District Court Properly Determined There was No Genuine
          Issue of Fact as to Appellee's Right to Commence Foreclosure ....11

          1.  Appellee Met Its Burden In Demonstrating No Genuine
                Issue of Fact Existed .............................................................11

          2.  Paragraph 3.1 of the Purchase and Assumption
                Agreement Clearly Evidences that JPMorgan's
                Acquisition of All Servicing Rights of WaMu ....................14

          3.  Appellant's Objections to Appellee's Evidence Were
                Overruled ...............................................................................14

          4.  Appellant Failed to Cite to Any Admissible Evidence in
                Support of His Issues in Dispute...........................................16

    B.  Plaintiff Cannot Support His Argument That Appellee Was Not
          Authorized to Foreclose under Cal. Civil Code §2924 ..................17

    C.  Appellant Seeks to Impose Additional Requirements Under
          California Civil Code § 2924, et seq. That the Text of the
          Statute Does Not Support ...................................................................19

    D.  CRC was Properly Instructed by Appellee to Initiate
          Foreclosure ........................................................................................23

    E.  The Doctrine of Judicial Estoppel Is Inapplicable Here ................24

VIII.  CONCLUSION..........................................................................................33

3566179.1 -- AL109.2566

# TABLE OF AUTHORITY

## Cases

*Adler v. Newell*,
109 Cal. 42 (1895),.................................................................. 29, 30

*Adler v. Sargent*,
109 Cal. 42, 49 ..................................................................... 29, 30, 32

*Aguirre v. Cal-Western Reconveyance Corp.*,
2012 WL 273753 (C.D. Cal. 2012)....................................................28

*Ainsa v. Mercantile Trust Co.*
(1917) 174 Cal. 504, 510..................................................................20

*Allen v. City of Beverly Hills*,
911 F.2d 367, 373 (9th Cir.1990)........................................................9

*Alliance Mortgage Co. v. Rothwell*
(1995) 10 Cal. 4th 1226, 1235............................................................22

*Bernardi v. JPMorgan Chase Bank*, N.A.,
2012 WL 33894, * 1 (N.D. Cal. Jan. 6, 2012) ....................................14

*Calvo v. HSBC Bank USA, N.A.*,
199 Cal.App.4th 118, 123 (2011)........................................................29

*Caravantes v. California Reconveyance Company*,
2010 WL 4055560 ................................................................... 17, 18

*Carmichael v. Washington Mutual Bank et al*,
2013 WL 543319, pg. 1 (9th Circuit, February 14, 2013) ....................13

*Carpenter v. Title Ins. & Trust Co*.
(1945) 71 Cal.App.2d 593, 597..........................................................20

*Celotex Corp. v. Catrett*,
477 US 317, 323–324 (1986) ................................................. 4, 16, 17

*Coalition for Clean Air v. So. Cal. Edison Co.*,
971 F.2d 219, 229 (9th Cir. 1992).......................................................9

3566179.1 -- AL109.2566

*Cockerell v. Title Ins. & Trust Co.*,
  (1954) 42 Cal.2d 284, 291......................................................................28

*Cruz v. International Collection Corp.*,
  673 F.3d 991, 998 (9th Cir. 2012)........................................................15

*Field v. Acres*
  (1937) 9 Cal.2d 110, 113......................................................................20

*Fontenot v. Wells Fargo Bank, N.A.*,
  198 Cal. App. 4th 256, 271-272 (2011) .........................................31, 32

*Gomes v. Countrywide Home Loans, Inc.*,
  (2011) 192 Cal.App.4th 1149, 1155......................................................23

*Gomes v. Countrywide Home Loans, Inc.*,
  192 Cal.App.4th at 1155 ......................................................................24

*Greenwood v. FAA*,
  28 F.3d 971, 977 (9th Cir. 1994)..........................................................15

*Hamilton v. State Farm Fire & Cas. Co.*
  270 F.3d 778, 782 (9th Cir. 2001)........................................................25

*Keith v. Volpe*,
  833 F.2d 850, 854 (9th Cir. 1987)..........................................................9

*Konstantinidis v. Chen*,
  626 F.2d 933, 939 (7th Cir. 1980)........................................................25

*Lancaster Security Investment Corp. v. Kessler*
  (1958) 159 Cal.App.2d 649, 656..........................................................20

*Lewis v. Booth*,
  3 Cal.2d 345 (1935)..............................................................................28

*Mabry v. Superior Court*
  (2010) 185 Cal.App.4th 208, 214..........................................................21

*Mackey v. Pioneer Nat'l Bank*,
  867 F.2d 520, 524 (9th Cir. 1989)..........................................................9

iv

*Maharaj v. Bankamerica Corp.*,
  128 F.3d 94, 98 (2nd Cir. 1997) ...........................................................................25

*McDonald v. Smoke Creek Live Stock Co.*
  (1930) 209 Cal. 231 .............................................................................................22

*Moeller v. Lien*
  (1994) 25 Cal. App. 4th 822, 830 .........................................................................22

*Moeller v. Lien*
  (1994) 25 Cal.App.4th 809, 830 ...........................................................................22

*Padfield v. AIG Life Ins. Co.*,
  290 F.3d 1121, 1124 (9th Cir. 2002) .....................................................................8

*Rojas v. Roman Catholic Diocese of Rochester*
  660 F3d 98, 105–106 (2nd Cir. 2011) ...................................................................16

*Santens v. Los Angeles Finance Co.*,
  91 Cal.App.2d 197 (1949) ....................................................................................30

*Security Mortgage Co. v. Delfs*,
  47 Cal.App.599 (1920) .........................................................................................30

*Sohn v. California Pacific Title Ins. Co.*
  (1954) 124 Cal.App.2d 757, 766 .................................................................... 20, 21

*Sullivan v. Dollar Tree Stores*,
  623 F.3d 770, 776, fn. 3 (9th Cir. 2010) ...............................................................15

*Thompson v. Residential Credit Solutions, Inc.*,
  2012 WL 1565688 ................................................................................................18

*Travelers Cas. & Sur. Co. of America v. Brennete*,
  551 F.3d 1132, 1137 (9th Cir. 2009) .....................................................................8

*Ung v. Koehler*
  (2005) 135 Cal.App.4th 186, 192 .........................................................................23

*United States v. C.I.T. Constr. Inc.*,
  944 F.2d 253, 259 (5th Cir. 1991) ........................................................................25

*United States v. C.I.T. Constr. Inc.*,
  944 F.2d, at 259 (C.A.5 1991) .............................................................32


*United States v. Hook,*
  195 F.3d 299, 306 (7th Cir. 1999).......................................................25

*Velasquez v. Chase Home Finance LLC,*
  Case No. 09-02409 WHA ....................................................................8

*Wahyou v. Kiernan*,
  (1956) 145 Cal.App.2d 443..................................................................20


**Statutes**

28 U.S.C. § 1291 ...................................................................................1

Cal. Civ. Code § 2015.5.........................................................................21

Cal. Civ. Code § 2019............................................................................19

Cal. Civ. Code § 2034............................................................................19

Cal. Civ. Code § 2295............................................................................19

Cal. Civ. Code § 2315............................................................................19

Cal. Civ. Code § 2322............................................................................19

Cal. Civ. Code § 2923.5.........................................................................21

Cal. Civ. Code § 2924 .................................................................. 19, 21, 26

Cal. Civ. Code § 2924(a)(1)............................................... 9, 20, 22, 23

Cal. Civ. Code § 2924 – 2924i...............................................................22

Cal. Civ. Code § 2934................................................................ 28, 29, 30

Cal. Civ. Code § 2935............................................................................31

Cal. Comm. Code § 3301........................................................................18

Cal. Comm. Code § 3309........................................................................18

vi

**Other Authorities**

1 Witkin, *Summary of California Law* .................................................................. 20

Security Transactions in Real Property, § 3, p. 701 ................................................ 20

**Rules**

Federal Rule of Evidence 803(6) ............................................................................ 11

Rule of Appellate Procedure 28(b)(1) ..................................................................... 1

3566179.1 -- AL109.2566

## I.    JURISDICTIONAL STATEMENT

Pursuant to Federal *Rule of Appellate Procedure* 28(b)(1), and *Circuit Rule* 28-1, defendant/appellee JPMorgan Chase Bank, N.A. ("Appellee" or "JPMorgan") respectfully submits the following jurisdictional statement.

### A.    Basis of the District Court's Jurisdiction

Plaintiff and appellant Robert J. Demetriou ("Appellant"), a citizen of California, filed this action in the United States District Court for the Central District of California against JPMorgan, a national banking association with headquarters in Ohio. Appellant alleged wrongful foreclosure-related claims in connection with the non-judicial foreclosure of his real property situated in Santa Barbara County, and sought damages in excess of $75,000.00. Pursuant to the District Court's grant of Appellee's Motion for Summary Judgment on August 8, 2012, this case was dismissed.

### B.    Basis of Appellate Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which provides, in pertinent part, that "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." *See* 12 U.S.C. § 1291.

1

## II.     **STATEMENT OF ISSUES PRESENTED**

Whether the District Court erred in finding there were no genuine issues of fact in granting the Motion for Summary Judgment as to Appellee's: (a) role as servicer, and (b) subsequent right to initiate foreclosure proceedings.

## III.     **STATEMENT OF THE CASE**

Appellant filed this instant lawsuit against Appellee relating to the alleged wrongful foreclosure initiated against real property located at 206 Northridge Road, Santa Barbara, California 93105 (the "Subject Property") in an apparent effort to thwart sale and loss of possession without reinstating the loan.  In fact, in his Opening Brief, Appellant readily admitted that he has been in default of his loan obligations since July 2010, a period of almost three years.  *See* Appellant's Opening Brief ("AOB"), pg. 10.

The First Amended Complaint ("FAC"), which is the operative complaint, asserted three claims, for 1) Wrongful Foreclosure, 2) Quiet Title, and 3) Declaratory and Injunctive Relief.    The FAC was based on the premise that Appellee is not the holder of the promissory note or the beneficiary of the subject deed of trust, and therefore, did not have the right to initiate foreclosure.  *See*, FAC, ¶¶ 13-16, 29, and 32.

On August 8, 2012, the District Court granted JPMorgan's Motion for Summary Judgment.  Appellant challenges the District Court's finding that there

2

were no genuine issues of fact with respect to Appellee's right to pursue nonjudicial foreclosure on a different basis, i.e., JPMorgan's succession to WaMu's servicing rights. *See*, Appellant's Opening Brief. However, Appellant admits in his Opening Brief that Washington Mutual Bank, FA ("WaMu") remained the servicer after the sale of the subject loan to the "WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust" in December 2005, defeating his argument here. *See* Appellant's Opening Brief ("AOB"), pg. 10. Significantly, also, Appellant's Opening Brief does not dispute or question that on or about September 25, 2008, pursuant to the Purchase and Assumption Agreement, Appellee acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation acting as receiver for WaMu and that Paragraph 3.1 of the Purchase and Assumption Agreement states that "the Assuming Bank specifically purchases ***all mortgage servicing rights and obligations*** of the Failed Bank." Such language makes clear that Appellee acquired ***all*** servicing rights of WaMu -- including the servicing rights to the subject loan as well. Moreover, Stacey L. Smith, the declarant for Appellee who had previously been employed by WaMu, attested in her declaration that, pursuant to the Purchase and Assumption Agreement, Appellee acquired WaMu's interest in the subject loan as the servicer. *See*, Supplemental Excerpts of Record ("Supp. ER"), 77. Appellant never raised

3

an objection to Paragraph 9 of Ms. Smith's Declaration.[1]  *See*, Supp. ER, 126.

Appellant mustered no more than conclusory objections that paragraphs 10, 12, and 14 of the Smith declaration were "improper hearsay," without providing any admissible facts to dispute Appellee's status as the servicer of the subject loan or the status of US Bank as the successor trustee to Bank of America as the trustee of the WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust.  *See*, *Celotex Corp. v. Catrett*, 477 US 317, 323–324 (1986).  (Conclusory allegations are insufficient to defeat a motion for summary judgment).  Therefore, the District Court overruled Appellant's objections. *See*, Supp. ER, 136-137.  Based on these uncontroverted facts, Appellee, as the servicer, had the right to instruct California Reconveyance Company, the trustee identified in the subject deed of trust, to initiate foreclosure because Appellant was in default of his loan obligations (which was admitted to in Appellant's Opening Brief).

In conclusion, for the reasons stated in greater detail below, the District Court's order granting the Motion for Summary Judgment was proper, and this Court should affirm the District Court's ruling.

---

[1] Ms. Smith also declared that Bank of America National Association as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust was the original trustee for the Trust and that on January 20, 2011, U.S. Bank National Association succeeded Bank of America as trustee for the Trust. *See*, Supp. ER, 77.

## IV.    STATEMENT OF FACTS

### A.    Subject Loan

On June 17, 2005, Appellant obtained a residential loan from WaMu in the amount of $927,500.00 ("Loan"). *See*, Supp. ER, 76. The Loan is secured by a deed of trust ("DOT") encumbering the real property located at 206 Northridge Road, Santa Barbara, California 93105 ("Subject Property"). *Id*. The DOT was recorded on or about recorded on July 6, 2005, with the Santa Barbara County Official Records as instrument number 2005-0063720. *Id*. The DOT identifies WaMu as the lender and beneficiary, California Reconveyance Company ("CRC") as the trustee, and "Robert Demetriou" as the borrower. *See*, Supp. ER, 76-77.

On or about December 23, 2005, Appellant's Loan was sold to the investment trust identified as the "WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust" ("Trust"). *See*, Supp. ER, 77. As part of the Pooling and Servicing Agreement, Bank of America National Association ("Bank of America"), as successor by merger to LaSalle Bank NA as trustee for the Trust, became the holder of the Note and beneficiary of the DOT. However, after the Note was transferred, WaMu remained the servicer of the Loan on behalf of Bank of America. *Id*.

On September 25, 2008, JPMorgan acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Corporation ("FDIC") acting as

5

receiver for WaMu, including WaMu's interest as servicer of the Loan, pursuant to the Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation ("FDIC") and JPMorgan. *Id.* Paragraph 3.1 of the Purchase and Assumption Agreement states that "the Assuming Bank specifically purchases ***all mortgage servicing rights and obligations*** of the Failed Bank." *See*, Supp. ER, 151.

On or about July 1, 2010, Plaintiff became delinquent on his payment obligations under the Loan. *See*, Supp. ER, 78. Plaintiff's last principal and interest payment on the Loan was received by Appellee on or about June 16, 2010. *Id.* Plaintiff has failed to make any payments under the Loan since then. *Id.*

On or about January 20, 2011, U.S. Bank National Association ("US Bank") succeeded Bank of America as trustee for the Trust. *See*, Supp. ER, 77. US Bank is the current beneficiary of Plaintiff's Loan. Appellee is currently the servicer of the Loan for US Bank. *See*, Supp. ER, 77-78.

Appellee, as servicer of the Loan, is in possession of the original Note and DOT on behalf of US Bank. *See*, Supp. ER, 78. Moreover, since September 25, 2008, Appellee has been servicing the Loan. *Id.*

When foreclosure proceedings were initiated against the Subject Property, the Assignment of Deed of Trust ("Assignment") was recorded on the same date that the Notice of Default ("NOD") was recorded — on or about March 9, 2011.

*Id*, Supp. ER, 114-119.  The Assignment was recorded for constructive notice purposes only, as applicable California law does not require recordation of assignment of deeds of trust.

Appellee signed the Assignment as "successor in interest to Washington Mutual Bank, FA" because, as of the date of the signing of the Assignment (March 7, 2011), WaMu had ceased to exist. *See*, Supp. ER, 78.  However, transfer of the beneficial interest in the DOT from WaMu to Bank of America, now US Bank, actually took place in December 23, 2005. *See*, Supp. ER, 77.  Appellant's allegation that Appellee did not have any beneficial interest in the Subject Property when it initiated foreclosure proceedings is correct.  However, that is not the end of the authority-to-foreclose inquiry.  After the Loan was securitized in December 2005, WaMu retained servicing rights to the Loan. *See*, Supp. ER, 77.  Because Appellee acquired WaMu's servicing rights to the Loan, Appellee has been the servicer since acquisition of WaMu's mortgage servicing rights on September 25, 2008.

A Notice of Trustee's Sale ("NOTS") was recorded with the Santa Barbara County Official Records on June 10, 2011 as instrument number 2011-0033583. *See*, Supp. ER, 121-122.  Pursuant to the Notice of Trustee's Sale, the Subject Property was scheduled to be sold at foreclosure sale on July 5, 2011. *Id.*  On July 5, 2011, Plaintiff filed this instant Action.

7

The Subject Property has not been sold at foreclosure. *See*, Supp. ER, 78.

## B.    <u>Procedural History</u>

On July 5, 2011, Appellant brought a lawsuit against Appellee and CRC in United States District Court for the Central District of California entitled *Demetriou v. JPMorgan Chase Bank, N.A.*, Case No. 11-5522. On August 2, 2011, Appellee and CRC filed a Motion to Dismiss the Complaint, with a hearing on the motion set for September 26, 2011.

However, before the Motion to Dismiss could be heard, Appellant filed the FAC and concurrently filed a voluntary dismissal as to CRC.

On August 30, 2011, Appellee filed its Motion to Dismiss the FAC, with a hearing set for October 17, 2011. On October 11, 2011, the District Court denied Appellee's Motion to Dismiss, and Appellee subsequently filed its Answer.

On July 16, 2012, Appellee filed its Motion for Summary Judgment ("MSJ"). On August 8, 2012, the Court granted the MSJ and entered the Judgment of Dismissal.

## V.    <u>STANDARD ON REVIEW</u>

An order granting or denying summary judgment pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 56 is reviewed *de novo. Travelers Cas. & Sur. Co. of America v. Brennete*, 551 F.3d 1132, 1137 (9th Cir. 2009) [order granting]; *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002) [order denying].

3566179.1 -- AL109.2566

Moreover, when reviewing a district court's grant of a motion for summary judgment, an appellate court will apply the same legal standards as applied by the district court to determine whether summary judgment is appropriate. *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989).

The district court's legal analysis and statutory interpretation are reviewable *de novo*. *Coalition for Clean Air v. So. Cal. Edison Co*., 971 F.2d 219, 229 (9th Cir. 1992) (quoting *Keith v. Volpe*, 833 F.2d 850, 854 (9th Cir. 1987)), cert. denied, 507 U.S. 950 (1993).

In contrast, the district court's findings of fact are reviewed for clear error. *Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir.2006).

## VI.    <u>SUMMARY OF ARGUMENT</u>

In his Opening Brief, Appellant argues that there are disputed facts whether Appellee is servicer of his loan, and whether as a servicer, Appellee was an "authorized agent" under California Civil Code § 2924(a)(1) to commence the non-judicial foreclosure of the Subject Property. Appellant also disputes that Bank of America became the successor trustee for the Trust and that subsequently, US Bank succeeded Bank of America as the trustee. *See*, AOB, pg. 11.

The District Court properly granted summary judgment in favor of Appellee because Appellant failed to demonstrate the existence of any genuine issue of fact on the issue of Appellee's right to foreclose. Appellant's objections to Appellee's

9

uncontroverted evidence was overruled, and Appellant failed to provide any evidence of his own in support of his claim that there were genuine issues of fact.

The District Court properly held that Appellee was the servicer of the Loan, and was thus authorized to instruct the trustee to commence foreclosure proceedings by recording the Notice of Default. Further, the District Court held that Appellant offered no evidence contradicting these facts, and therefore, Appellant's claims failed.

However, Appellant's arguments lack merit. Appellant readily concedes in his FAC that WaMu acted solely as the servicer of the loan prior to September 25, 2008. *See*, Supp. ER, 131; AOB, pg. 10. Since Appellee obtained WaMu's interest in the property as servicer of the Loan, Appellee is the servicer and thus, is authorized to initiate the non-judicial foreclosure. Moreover, in his Opposition to Appellee's MSJ, Appellant failed to provide any competent evidence supporting his "dispute" of the fact that Appellee acquired WaMu's servicing rights to the subject Loan. Indeed, the District Court correctly addressed this point in stating, "without any evidence that JPMorgan was not authorized by the beneficiary to instruct California Reconveyance Company to initiate foreclosure proceedings, Plaintiff's claims fail." *See*, Supp. ER, 137. Since the claims asserted in the FAC were unsupported by law or fact, the District Court's grant of summary judgment was proper, and the ruling should be affirmed.

# VII.     ARGUMENT

## A.     The District Court Properly Determined There was No Genuine Issue of Fact as to Appellee's Right to Commence Foreclosure

### 1.     Appellee Met Its Burden In Demonstrating No Genuine Issue of Fact Existed

In its MSJ, Appellee provided a declaration of Stacey Smith ("Smith Declaration"), an Operations Unit Manager with JPMorgan who declared that WaMu remained servicer of the Loan on behalf of the Trust, and that under the Purchase and Assumption Agreement with the FDIC, Appellee acquired WaMu's interest as servicer of the Loan. *See*, Supp. ER, 75-78.

A record of an act or event is not excluded by the hearsay rule if the record was made at or near the time by or from information transmitted by someone with knowledge, the record was kept in the course of a regularly conducted activity of a business, and making the record was a regular practice of that activity.  All these conditions are shown by the testimony of a custodian or other qualified witness, and neither the source of information nor the method or circumstances of preparation indicated a lack of trustworthiness. Federal Rule of Evidence ("FRE") 803(6).  Here, the Smith Declaration stated specifically:

> "… As part of my duties at JPMorgan, I monitor and review loans that are involved in litigation. Prior to working with JPMorgan, I was employed by Washington Mutual Bank in a similar capacity.  I have reviewed the documents attached to my declaration, and those

documents, along with others referenced herein, contain entries made in the ordinary course of business at or about the time that the events reflected therein occurred, by a person with a duty to record such matters.  These records include the documents relating to a mortgage loan in the amount of $927,500.00 ("Subject Loan") made in connection with the real property located at  206 Northridge Road, Santa Barbara, California  93105 ("Subject Property").  Those documents contain entries made in the ordinary course of business at or about the time the events reflected therein occurred."

Indeed, the Smith Declaration laid the proper foundation for her statements that she is an Operations Unit Manager for Appellee, that she reviewed all documents relevant to the Loan, and that the documents attested to contained entries made in the ordinary course of business at or about the time of the events reflected therein. *Id*.  Moreover, Ms. Smith also declared that she held a similar position for WaMu.  *Id*.  By virtue of Appellee's Request for Judicial Notice (No. "5"), Appellee further referenced the Purchase and Assumption Agreement with the FDIC in support of its MSJ, which indicated as well that Appellee acquired all servicing rights of WaMu (Paragraph 3.1 of the Purchase and Assumption Agreement states that "the Assuming Bank specifically purchases *all mortgage servicing rights and obligations* of the Failed Bank.").  *See*, Supp. ER, 89 (The Purchase and Assumption Agreement was not included in the exhibits, but was referenced in the Request for Judicial Notice and cited to the Federal Deposit Insurance Corporation's website where the Purchase and Assumption Agreement is readily accessed.  Further, the Court accepted such facts contained therein as true.

12

For ease of reference, a hard copy is provided in the Supplemental Excerpts of Record as 139-182); *see also, Carmichael v. Washington Mutual Bank et al*, 2013 WL 543319, pg. 1 (9th Circuit, February 14, 2013) (The court can take judicial notice of the Purchase and Assumption Agreement entered into between JPMorgan and the FDIC acting as Receiver for WaMu).

Additionally, Ms. Smith declared that Bank of America as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR19 Trust was the original trustee for the Trust and that on January 20, 2011, US Bank succeeded Bank of America as trustee for the Trust. *See*, Supp. ER, 77. In fact, Appellant did not even object to Paragraph 7 of the Smith Declaration. *See*, Supp. ER, 126. Thus, Appellant cannot dispute that Bank of America as successor by merger to LaSalle Bank NA was the trustee of the Trust.

Based on the Smith Declaration, there was sufficient basis for the District Court to determine that Bank of America, as the trustee, was the note holder and the beneficiary of the DOT, and US Bank succeeded Bank of America as the Trustee.

3566179.1 -- AL109.2566

## 2.    Paragraph 3.1 of the Purchase and Assumption Agreement Clearly Evidences that JPMorgan's Acquisition of All Servicing Rights of WaMu

As stated above, paragraph 3.1 of the Purchase and Assumption Agreement states that "the Assuming Bank specifically purchases ***all mortgage servicing rights and obligations*** of the Failed Bank."  (Emphasis added.).  *See*, Supp. ER, 89, 151; *see also Bernardi v. JPMorgan Chase Bank*, N.A., 2012 WL 33894, * 1 (N.D. Cal. Jan. 6, 2012) ("The [Purchase and Assumption Agreement transferred to JPMorgan 'all right, title, and interest of the Receiver in and to all of the assets' of [WaMu] and its subsidiaries, and provided that JPMorgan 'specifically purchases all mortgage servicing rights and obligations of [WaMu].'").

Based on the clear and unambiguous language of the Purchase and Assumption Agreement, there cannot be any dispute that JPMorgan acquired the servicing rights to the subject Loan.

## 3.    Appellant's Objections to Appellee's Evidence Were Overruled

Appellant objected to portions of the Smith Declaration, specifically ¶¶ 10, 12 and 14 as hearsay and lacking foundation. *See*, Supp. ER, 126. On those grounds, Appellant contended genuine issues of fact exist as to Appellee's Uncontroverted Facts Nos. 6, 9, 10-13, 18 and 19.  However, the District Court

considered and overruled the objections on the basis that Appellant presented no contradictory evidence to call into question the veracity of the statements in the Smith Declaration. *See*, Supp. ER, 134.

Appellant does not argue that the District Court's rulings on his evidentiary objections were in error, and his silence in this regard operates as a concession to that part of the Order overruling his objections was proper. Issues must be argued distinctly and specifically in the party's opening brief. The court will not manufacture arguments for an appellant. Bare assertions do not preserve a claim, particularly where other issues are properly presented for review. *Cruz v. International Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *Sullivan v. Dollar Tree Stores*, 623 F.3d 770, 776, fn. 3 (9th Cir. 2010) (argument deemed waived where summary contentions that district court erred by disregarding "several admissions" by party was insufficiently specific to inform court what facts were allegedly admitted). Since Appellant does not argue error with the District Court's determination of his evidentiary objections, Appellant thus fails to demonstrate any issue of genuine fact, and his claims fail.

4.     **Appellant Failed to Cite to Any Admissible Evidence in Support of His Issues in Dispute**

Appellant disputed Appellee's facts in his Statement of Genuine Issues, but failed in his burden to demonstrate any genuine issues of fact existed to preclude an award of summary judgment in Appellee's favor. *See*, Doc. 36.  "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, (former) Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 US 317, 323–324 (1986). The opposing party's evidence, whether or not it has the burden of proof at trial, must be sufficient to create a genuine dispute as to a fact that is material to the outcome of the suit. *Rojas v. Roman Catholic Diocese of Rochester* 660 F3d 98, 105–106 (2nd Cir. 2011).  Moreover, a conclusory assertion that the opposing party has no evidence is insufficient: "It is not enough to move for summary judgment . . . with a conclusory assertion that the (opposing party) has no evidence to prove his case." [*Celotex Corp. v. Catrett*, *supra*, 477 US at 326.

Appellant here failed to cite at all to any admissible evidence demonstrating any genuine issue of fact.  As to Appellee's Uncontroverted Fact No. 8 ("Appellee acquired WaMu's servicing interest in the subject Loan by virtue of the Purchase

16

and Assumption Agreement"), Appellant merely responded: "Plaintiff denies this is undisputed. There is not competent evidence in the record that Defendant Chase acquired servicing rights specifically to Plaintiff's loan." *See*, Supp. ER 130. Such an assertion ignores the Smith Declaration, which properly lays the foundation for the admissibility of this fact as well the Purchase and Assumption Agreement, which was attached to the Request for Judicial Notice. Further, Appellant's inability to cite to evidence contradicting this fact is fatal to his opposition. Appellant's responses to Appellee's Uncontroverted Facts Nos. 11-13 are similarly deficient. On such a record, the District Court properly determined that summary judgment was warranted. *Celotex Corp. v. Catrett*, *supra*, 477 US at 326.

## B.    Plaintiff Cannot Support His Argument That Appellee Was Not Authorized to Foreclose under Cal. Civil Code §2924

Appellant disagrees with the District Court's finding that as servicer, Appellee was empowered to act on behalf of the Trust commence the non-judicial foreclosure. *See*, AOB, pg. 19. In support, Appellant criticizes the District Court's reliance on *Caravantes v. California Reconveyance Company,* 2010 WL 4055560 as being an "unwarranted expansion of the scope of a loan servicer's agency in the absence of a specific authorization. *See*, AOB, pg. 21. However, the District Court correctly relied on *Caravantes* as Appellant here made similar claims to those made by the borrower.

17

In *Caravantes*, the borrower filed a lawsuit challenging Appellee's right to commence the non-judicial foreclosure against his property under California Commercial Code §§ 3301 and 3309.  The borrower claimed, *inter alia*, that Appellee was neither the holder of the note or a non-holder of the note entitled to payment, and consequently it was not entitled to proceed with the foreclosure.  Nevertheless, the *Caravantes* court granted Appellee's Motion to Dismiss, specifically holding that, "as a servicer of the subject loan in this case, JPMorgan had the authority to record the Notice of Default and to enforce the power of sale under the Deed of Trust." *Caravantes v. California Reconveyance Company,* 2010 WL 4055560, at p.9.

The District Court here also relied on *Thompson v. Residential Credit Solutions, Inc.*, 2012 WL 1565688.  In *Thompson*, the District Court also held that the servicer, Residential Credit Solutions, Inc., had the authority to record the notice of default and enforce the power of sale under the deed of trust.  *Thompson v. Residential Credit Solutions, Inc.*, 2012 WL 1565688, at 3.

Since Appellee acquired WaMu's interest as the servicer of the Loan, the District Court properly found that Appellee was the servicer of the Loan.  Accordingly, under the foregoing authority, the District Court properly found Appellee acquired the authority to commence the foreclosure by instructing CRC to record the Notice of Default.  Based on the foregoing, the District Court's order

18

granting summary judgment was proper.

**C.** **Appellant Seeks to Impose Additional Requirements Under California Civil Code § 2924, et seq. That the Text of the Statute Does Not Support**

To escape the inevitable consequence of Appellee's authority to foreclose against the property as servicer of his loan, Appellant seeks to impose additional requirements in the non-judicial foreclosure process in the form of a power-of-attorney or other signed instrument authorizing the servicer to initiate the foreclosure process. Appellant argues that, "[a] loan servicer is a type of agent and is therefore subject to the California statutes which define agents and the scope of their authority." *See*, AOB, pp. 19-20. Appellant further argues that finding a loan servicer to be an "authorized agent" of the beneficiary in light of various provisions under the California *Civil Code* "constitute[s] an unwarranted expansion of the scope of a loan servicer's agency in the absence of a specific authorization.[2] *See*, AOB, pg. 21. Indeed, Appellant argues that Appellee, as the party affirming the existence of the agency with the beneficiary, has the burden of proving the agency. *See*, AOB, pg. 21. As an "authorized agent" for purposes of *Civil Code* § 2924(a)(1), Appellant argues, Appellee is required under *Wahyou v. Kiernan*, to provide proof it is an agent for the beneficiary, and thus is authorized to initiate the

---

[2] Appellant cites to Cal. *Civ. Code* §§ 2295, 2019, 2034, 2315 and 2322.

19

foreclosure process.  *Wahyou v. Kiernan*, (1956) 145 Cal.App.2d 443.

Aside from the uncontradicted proof supplied by the Smith Declaration, his argument fails for two reasons.   First, Appellant fails to cite to any authority to support his argument that an "authorized agent" in the context of California *Civil Code* § 2924(a)(1) is subject to other California *Civil Code* provisions regarding agency in a non-mortgage context.   Indeed, in the context of non-judicial foreclosures, terms used elsewhere in the *Civil Code* often take on different meanings.

For example, a "trustee" under a deed of trust does not assume the normal obligations of a trustee (*Ainsa v. Mercantile Trust Co.* (1917) 174 Cal. 504, 510; *Field v. Acres* (1937) 9 Cal.2d 110, 113; 1 Witkin, *Summary of California Law*, Security Transactions in Real Property, § 3, p. 701), as the word is used in its technical sense (*Carpenter v. Title Ins. & Trust Co*. (1945) 71 Cal.App.2d 593, 597.  Rather, such a trustee serves as a kind of agent for both the trustor and the beneficiary. *Sohn v. California Pacific Title Ins. Co*. (1954) 124 Cal.App.2d 757, 766; *Lancaster Security Investment Corp. v. Kessler* (1958) 159 Cal.App.2d 649, 656. He is merely a 'functionary of limited power, under a type of mortgage conferring upon him the power to convey under the prescribed conditions.' *Carpenter*, supra, p. 597. Furthermore, he is bound to follow provisions of a contract or stipulation of the parties, the trust deed, and rules of law applicable

20

thereto. *Sohn*, supra, p. 766.

In another example, use of the term "declaration" in this context does not carry with it the same obligations as specified elsewhere in the *Civil Code*. California *Civil Code* § 2923.5 ("Section 2923.5") requires that a notice of default recorded pursuant to *Civil Code* § 2924 include a *declaration* of due diligence with respect to attempted contact with the borrower to explore foreclosure alternatives and assess the borrower's financial situation. Cal. *Civ. Code* § 2923.5. It had been argued that under California *Civil Code* § 2015.5, such declaration was required to be signed under penalty of perjury. However, the court in *Mabry v. Superior Court* expressly held that Section 2923.5 does not require such declaration to be executed under penalty of perjury. *Mabry v. Superior Court* (2010) 185 Cal.App.4[th] 208, 214.

In light of the foregoing, it would be folly to accept Appellant's unsupported claim that the term "authorized agent" under *Civil Code* § 2924 requires servicers to provide proof of their authority to initiate the foreclosure process. This Court must be wary of taking such liberty, especially because to do otherwise will necessarily convert an expeditious non-judicial process into a judicial process.

Second, non-judicial foreclosures are exclusively governed by the comprehensive statutory scheme set forth in California *Civil Code* § 2924 et seq. ("California Non-Judicial Foreclosure Law"). *Moeller v. Lien* (1994) 25

Cal.App.4th 809, 830 (California "Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust."). Every legal requirement for non-judicial foreclosures is set forth in these statutes, with no mention of proof that the loan servicer has the authority to direct the trustee to commence the non-judicial foreclosure process. The Legislature or the People of this state could have included such a requirement, but did not – and that fact should be given appropriate weight.

California law provides that when a borrower defaults on the loan and the deed of trust contains a power of sale clause, the lender can foreclose non-judicially. *McDonald v. Smoke Creek Live Stock Co.* (1930) 209 Cal. 231. A deed of trust effectively gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid. *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal. 4th 1226, 1235. If the deed of trust contains an express provision granting a power of sale, the beneficiary may pursue non-judicial foreclosure, often called a "trustee's sale," under the detailed regulatory provisions of California *Civil Code* §§ 2924 – 2924i. *Moeller v. Lien* (1994) 25 Cal. App. 4th 822, 830.

Specifically, Section 2924(a)(1) of the California Non-Judicial Foreclosure Law provides that, where the deed of trust expressly grants a power of sale to the trustee, a non-judicial foreclosure may be initiated by the recording of a notice of

default and election to sell by a "trustee, mortgagee, or beneficiary, *or any of their authorized agents*."   Cal. *Civ. Code* § 2924(a)(1); *Ung v. Koehler* (2005) 135 Cal.App.4th 186, 192.  It is clear from the statutes that no such proof of agency is required for Appellee to direct the trustee to record the Notice of Default.

Furthermore, California courts have routinely dispelled the notion that a borrower in default can file a lawsuit for the sole purpose of challenging whether the person or entity initiating the foreclosure is authorized to do so. *Gomes v. Countrywide Home Loans, Inc*., (2011) 192 Cal.App.4th 1149, 1155.  The *Gomes* court reasoned that such a right "would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosure." *Id*.

It is readily apparent from Appellant's claims, this lawsuit is of the variety prohibited by *Gomes*, and consequently, the grant of summary judgment was proper.

### D.  <u>CRC was Properly Instructed by Appellee to Initiate Foreclosure</u>

Appellee agrees that CRC, as the trustee under the DOT, does not have the independent right or power to initiate foreclosure.  Thus, it appears that Appellant is making an implicit argument that Appellee did not have the right to instruct CRC to initiate foreclosure.  Again, for all the reasons stated above, Appellee, as the Loan servicer, did have the right to instruct CRC to initiate foreclosure.

23

Moreover, as the trial court noted in its order granting the motion for summary judgment, a borrower in default can file a lawsuit for the sole purpose of challenging whether the person or entity initiating the foreclosure is authorized to do so. *Gomes v. Countrywide Home Loans, Inc*., 192 Cal.App.4th at 1155.   Thus, Appellant cannot bring this instant lawsuit for the sole purpose of challenging Appellee's standing to initiate foreclosure or instruct the trustee to initiate foreclosure.

### E.    The Doctrine of Judicial Estoppel Is Inapplicable Here

Appellant attempts to further attack Appellee's interest as servicer of the Loan on judicial estoppel grounds.  Appellant argues that because Appellee argued in its August 30, 2011 Motion to Dismiss that "Bank of America is the current beneficiary *as a result* of the March 9, 2011 Assignment of Deed of Trust", Appellee was also somehow taking the position below that no transfer of beneficial interest had taken place prior to recordation of the Assignment of Deed of Trust to Bank of America.  After setting up this false premise, Appellant then argues that Appellee could not have taken the position in its MSJ that the Loan was sold on December 23, 2005. *See,* AOB, pp. 23-24.   Appellant additionally argues that because Appellee denied in its Answer to the FAC that "it acquired the status of a person entitled to enforce the Note and exercise the power of sale under the DOT," Appellee could not take the position in its MSJ that it had the right to initiate the

24

foreclosure. *See*, AOB, pg. 27.    Appellant mischaracterizes Appellee's answer. Appellee admitted that it acquired WaMu's interest in the subject Loan.  Thus, by stating so, Appellee has all rights as the servicer of the subject Loan, including the right to initiate foreclosure on behalf of the lender.  As explained further below, Appellee was merely denying any implication that it was the actual beneficiary of the subject DOT or the holder of the Loan.  Thus, Appellee did not previously assert a position that was contrary to the position that Appellee asserted in its MSJ.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Hamilton v. State Farm Fire & Cas. Co.* 270 F.3d 778, 782 (9th Cir. 2001).  "[C]ourts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled,' *Edwards*, 690 F.2d at 599.  Absent <u>success in a prior proceeding</u>, a party's later inconsistent position introduces no 'risk of inconsistent court determinations,' *United States v. C.I.T. Constr. Inc.*, 944 F.2d 253, 259 (5th Cir. 1991), and thus no threat to judicial integrity. *United States v. Hook,* 195 F.3d 299, 306 (7th Cir. 1999); *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2nd Cir. 1997); *Konstantinidis v. Chen*, 626 F.2d 933, 939 (7th Cir. 1980).

25

First, whether Bank of America was a duly assigned beneficiary under the Deed of Trust *as a result* of the Assignment of Deed of Trust or *as a result of* the sale of the Loan to the Trust is immaterial to Appellant's contention that Appellee had no authority to commence the foreclosure. In short, Appellant argues that there was a genuine issue of fact whether Appellee was the servicer and whether as servicer, it had the right under *Civil Code* § 2924(a)(1) as an "authorized agent" to direct the trustee to record the Notice of Default. However, determining the validity of the Assignment of Deed of Trust does nothing to conclusively resolve the issue at hand. In this regard, as correctly noted by the trial court, "...there is no evidence that the current beneficiary contests the initiation of foreclosure proceedings by JPMorgan or California Reconveyance Company" given the uncontroverted fact that since 2010, the Loan is in default. *See*, Supp. ER, 137.

Second, as stated above, Appellee took no such conflicting positions in its prior pleadings and the MSJ. The Motion to Dismiss states that:

> "Here, Plaintiff alleges that JPMorgan is not the beneficiary of the loan. Plaintiff is correct. In fact, Bank of America is the current beneficiary as a result of the March 9, 2011 Assignment of Deed of Trust."[3] *See*, Supp. ER, 56.

The fact that the Loan was sold to the Trust is not in dispute. *See,* Supp. ER, 129. Moreover, Appellant has done nothing to place into dispute that Bank of

---

[3] The Bank of America, in the Motion to Dismiss, refers to Bank of America, National Association, as successor by merger to LaSalle Bank NA as trustee from WaMu Mortgage Pass-Thru Certificates Series 2005-AR19 Trust.

America, National Association was the successor trustee to the Trust. *See*, Supp. ER 129-130. Therefore, the fact that Bank of America was the beneficiary of DOT has been consistent throughout the litigation, from the August 30, 2011 Motion to Dismiss through the July 16, 2012 MSJ.

Additionally, the Answer to the FAC does not conflict with Appellee's position in the MSJ. In the Answer, paragraph 11, Appellee states:

> "In response to paragraph 11 of the FAC, Defendant admits that it acquired Washington Mutual Bank's interest in the subject Loan by virtue of the Purchase and Assumption Agreement. Except as expressly admitted herein, defendant denies." *See*, Supp. ER 63.

Appellee's response in its Answer cannot be construed as a denial of its authority to commence a non-judicial foreclosure of the Subject Property. In the response, Appellee admits it acquired WaMu's interest in the Loan. Again, taken together with the verbiage of Paragraph 11 in the FAC, the response is consistent with Appellee's position that it acquired WaMu's rights and interests in the Loan, *including* the right to commence the foreclosure. As stated above, Appellee was merely denying any implication that it was the actual beneficiary of the subject deed of trust or the holder of the Loan. Therefore, Appellee's Answer does not conflict with its position in the MSJ that it had the right to commence the foreclosure.

Additionally, the fact that Appellee executed an assignment of deed of trust to Bank of America in 2011 does not indicate that Appellee was a beneficiary of

27

the DOT in 2011 and not merely the servicer.   As noted by the District Court, JPMorgan merely executed and recorded the assignment of DOT to give constructive notice to Appellant of the change in beneficiary under the DOT. Because WaMu was the last beneficiary of record, and because Appellee acquired WaMu's interest in the subject loan pursuant to the Purchase and Assumption Agreement, it was the appropriate entity to execute and record the Assignment to give constructive notice to Appellant.

In fact, as a matter of law, a recorded assignment of deed of trust is not necessary to effectuate assignment or transfer of interest in loans.  *See* Cal. Civ. Code § 2934 ("Any assignment of mortgage and any assignment of the beneficial interest under a deed of trust may by recorded[.]").  The reason is that it is well-settled law in California that the deed of trust follows the promissory note.  In *Lewis v. Booth*, 3 Cal.2d 345 (1935), the California Supreme Court held that "a lien is but an incident of the debt secured, and cannot be transferred apart therefrom.  A transfer of the debt carries with it the lien."  *Id*. at 349; *see also Cockerell v. Title Ins. & Trust Co.*, (1954) 42 Cal.2d 284, 291.

In fact, as stated by Appellee, an assignment of deed of trust only serves to give constructive notice to all persons that the interest has been assigned.  *See Aguirre v. Cal-Western Reconveyance Corp.,* 2012 WL 273753 (C.D. Cal. 2012). Under California nonjudicial foreclosure laws, an assignment of deed of trust is not

28

a necessary document in completing nonjudicial foreclosure proceedings under a Deed of Trust and, as such, does not have to be recorded at a designated time or even at all. Indeed, California *Civil Code* § 2934 states that "any assignment of beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates constructive notice of the contents thereof to all persons[.]" [emphasis added.]; *see also Calvo v. HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 123 (2011) ("The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California.").

The legal effect of a recorded assignment of deed of trust only providing constructive notice has been well-established in California law for more than a hundred years. In *Adler v. Newell*[4], (1895)109 Cal. 42, the Supreme Court of California held that recording of an assignment is for the purpose of providing notice:

> The provision about the recordation of an assignment of a mortgage is in section 2934; and the provision is that 'such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor.' There is no provision as to prior assignees, or that the recordation should have 'like effect' as recordations of grants. Probably the legislature did not intend to hamper too greatly the transfer and exchange of debts and obligations secured by mortgages, which are usually in the shape of negotiable paper; but, whatever the reason, we must observe the language of the Code.

*Id*. at 49 [emphasis added].

---

[4] Also known as *Alder v. Sargent.*

The California Court of Appeal in *Security Mortgage Co. v. Delfs*, (1920) 47 Cal.App.599 , followed the precedence set by the California Supreme Court in that the purpose of recording the assignment is to provide notice:

> But even so, these sections of the code were enacted at the same time as section 2934 of the same code, which provides that "an assignment of a mortgage may be recorded in like manner as a mortgage, and such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor." Here again is evident purpose to make a recordation of the assignment notice to those subsequently deriving title. "There is no provisions as to prior assignees, or that the recordation should have 'like effect' as recordations of grants."

*Id.* at 604 (*quoting Adler v. Sargent*, 109 Cal. 42, 49).

Further, in *Santens v. Los Angeles Finance Co.,* (1949) 91 Cal.App.2d 197 , found that not recording an assignment did not defeat a prior transfer of the Loan:

> Defendant argues that since the assignment of the note and trust deed to Graham was not recorded that Defendant was a bona fide purchaser as the execution of the sale and is not bound by the assignment. He relies on the provision of section 2934 of the Civil Code that 'any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons.' We see nothing in the wording of the section which would operate to defeat the title to Graham of the note and trust deed as the transfer of the note carried with it the security and the trust deed is mere incident of the debt and could only be foreclosed by the owner of the note. *Adler v. Sargent*, *supra*.

*Id*. at 201-202.

Moreover, as stated in the prior case law, the recording of an assignment pursuant to Section 2934 is only for the purpose of the providing constructive notice to "all the persons subsequently deriving title to the mortgage." *See Adler, supra,* 109

30

Cal. at 49.  Therefore, the recording of the assignment is not even for the direct purpose of providing notice to the borrower.  Indeed, California *Civil Code* § 2935 states, in relevant parts, that "the record of the assignment of the mortgage or of the assignment of the beneficial interest under the deed of trust, is not of itself notice to the debtor, his heirs, or personal representatives, so as to invalidate any payment made by them, or any of them, to the person holding such note, bond, or other instrument."  *See* Cal. *Civ. Code* § 2935.

The overarching legal precedence that recorded assignments provide only constructive notice, and are not essential documents within in the realm of deeds of trust, was reaffirmed by the California Court of Appeal in *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal. App. 4th 256, 271-272 .  In *Fontenot*, the Court of Appeal was faced with allegations that the recorded assignment was defective and, as such, the defendant bank could not have received any interest in the subject loan.  However, the Court of Appeals held that a complaint attacking transfer of interest in a deed of trust cannot rest solely on a purported defective assignment:

> [P]laintiff was required to allege that HSBC did not receive a valid assignment of debt *in any manner*. Plaintiff rests her argument on the document in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded.  The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff.

*Id.* at 271-272 [emphasis added].

31

The Court of Appeal's holding in *Fontenot* appears to reflect the same reasoning underlying the California Supreme Court's decision in *Adler*. Indeed, as the Court of Appeals acknowledge that "lenders could readily have assigned the promissory note to HSBC in an unrecorded document[,]" so did the California Supreme Court acknowledge that transfer and exchange of debt was "usually in the shape of negotiable paper." *Id.* at 272; *see also Adler, supra,* 109 Cal. 49.

Here, Appellant has provided no factual allegations that would demonstrate that interest in the Loan was not properly assigned. Moreover, even if Appellee was not the appropriate entity to execute and record the Assignment, it is undisputed that the Loan was sold to the Trust, and thus that Bank of America as trustee for the Trust acquired the beneficial interest in the Note on December 23, 2005, regardless of whether the recorded Assignment was effective.

Finally, even if the argument in the Motion to Dismiss and the response in the Answer could be construed as contradictory to Appellee's position in the MSJ, Appellee received no advantage therefrom. Indeed, Appellee's arguments in its Motion to Dismiss were seemingly unpersuasive, since that motion was *denied*. As the courts have held, Appellee's lack of success at the pleading stage would therefore introduce "no risk of inconsistent court determinations." *See*, *United States v. C.I.T. Constr. Inc*., 944 F.2d, at 259 (C.A.5 1991). Therefore, judicial estoppel would be inapplicable here.

32

VIII.     **CONCLUSION**

For the foregoing reasons, Appellee's Motion to Dismiss was properly granted. Appellee therefore respectfully requests that this Court affirm the decision of the District Court in its entirety.


Dated: June 13, 2013             Respectfully submitted,

                                 ALVARADOSMITH
                                 A Professional Corporation


                                 By: /s/ S. Christopher Yoo
                                 JOHN M. SORICH
                                 S. CHRISTOPHER YOO
                                 MARVIN B. ADVIENTO
                                 Attorneys for Appellee,
                                 JPMorgan Chase Bank, N.A.

33

# CERTIFICATE OF COMPLIANCE PURSUANT TO CIRCUIT RULE 32-1

U.S. Court of Appeals Docket No. 12-56657

U.S.D.C. Case No. 2:11-cv-05522-JFW-VBK

Counsel of Record certifies that pursuant to Federal Rule of Appellate Procedure 32, this brief is proportionately spaced, has a typeface of 14 points or more and contains 7,713 words, which is less than the 14,000 words permitted by the rule. Counsel relies on the word count of the computer program used to prepare this brief.

Dated: June 13, 2013             Respectfully submitted,

                                     ALVARADOSMITH
                                     A Professional Corporation


By: /s/ S. Christopher Yoo
                 JOHN M. SORICH
                 S. CHRISTOPHER YOO
                 MARVIN B. ADVIENTO
                 Attorneys for Appellee,
                 JPMorgan Chase Bank, N.A.

34

**CERTIFICATE OF SERVICE**

## STATE OF CALIFORNIA, COUNTY OF ORANGE

Robert J. Demetriou v. JPMorgan Chase Bank N.A., et al.
USDC Central, Case No.: CV11-5522-JFW (VBKx)
9TH Circuit Court of Appeals Case No.: 1256657

     I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707**.

On June 13, 2013, I served the foregoing document described as **ANSWERING BRIEF OF DEFENDANT-APPELLEE JPMORGAN CHASE BANK, N.A.** on the interested parties in this action.

    ☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

          **SEE ATTACHED SERVICE LIST**

      ☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

          I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

          **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

      ☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

    ☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 13, 2013, at Santa Ana, California.

                    /s/ Michelle E. Ault
                    MICHELLE E. AULT

3566179.1 -- AL109.2566

**SERVICE LIST**
Robert J. Demetriou v. JPMorgan Chase Bank N.A., et al.
USDC Central, Case No.: CV11-5522-JFW (VBKx)
9TH Circuit Court of Appeals Case No.: 1256657

| | | |
|---|---|---|
| Robert J. Demetriou<br>27 West Anapamu St., #181<br>Santa Barbara, CA 93101 | Plaintiff in pro per<br><br>Tel: 805-569-5239 | 1 Hard Copy |
| Hon. John F. Walter<br>Courtroom 16<br>United States District Court<br>Central District of California<br>312 North Spring Street<br>Los Angeles, CA 90012-4701 | Trial Court<br><br>(213) 894-1565 | 1 Hard Copy |

36